**FILED**
**Jun 16, 2021**
**07:15 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Charles Amsler,** | ) | **Docket No. 2020-06-1410** |
| **Employee,** | ) | |
| **v.** | ) | |
| **United Ground Express,** | ) | **State File No. 55289-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **New Hampshire Insurance Co.,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING BENEFITS

This case is principally about which party should be responsible for bills related to past medical treatment. Charles Amsler asserted that United Ground Express should pay medical bills he incurred for treatment of sudden, severe pain in his foot while walking at work. United Ground Express initially authorized treatment but later denied the claim. After the denial, Mr. Amsler continued seeing the authorized provider, including seeking emergency treatment due to complications he believed stemmed from the alleged work injury. After an expedited hearing on June 10, 2021, the Court finds that Mr. Amsler is not likely to prevail at trial in showing that United Ground Express is responsible for the medical bills he incurred after the date of denial.

### History of Claim

Mr. Amsler worked for United Ground Express as a customer service lead at its worksite, the Nashville International Airport. He testified that, on July 29, 2019, at approximately 4:30 a.m., his left foot "popped" while walking toward an airline gate, causing immediate, intense pain.

On his petition, Mr. Amsler wrote that the injury was caused "possibly by stepping on something on [the] floor." He wrote on his affidavit, "I did not look to see if I stepped on anything because I could barely walk." Mr. Amsler testified that the carpeting where his foot felt sudden pain was in poor condition and was later replaced, along with the

1

damaged concrete below it. But he agreed on cross-examination that he did not tell the authorized doctor or the claims adjuster that he slipped, tripped or stepped on anything.

At approximately 5:30 a.m., Mr. Amsler reported the injury to his supervisor, who insisted that he complete his shift and then go to a nearby occupational clinic, not the emergency room. His shift ended at 2:45 p.m.

According to Mr. Amsler, United Ground Express never offered a panel. It offered no contrary evidence, other than testimony from claims adjuster Megan Diehl, who stated that she believed his need for treatment was "emergent."

Mr. Amsler underwent treatment with Dr. Chae Ko and physical therapy for the next several weeks beginning on July 29. Dr. Ko wrote that Mr. Amsler "felt his left midfoot pop while walking," while the physical therapy notes read, "Pt. reports he was simply walking at work, when he felt something give in L foot." Dr. Ko diagnosed a left-foot sprain. In October, he placed Mr. Amsler at maximum medical improvement.

Ms. Diehl testified that she denied the claim on August 5 and sent Mr. Amsler a denial letter the same day. He testified he never received the letter but agreed that it bears the correct address. Mr. Amsler's affidavit states he learned of the denial on October 15, in a letter concerning a medical bill instructing him to promptly pay the amount owed.

It is unknown whether Dr. Ko's office received notice of the denial in early August or why it continued to treat Mr. Amsler. Treatment records after August 5 through the last visit state as "reason for visit" that the clinic designated the claim as "workers compensation." Mr. Amsler's affidavit states he was "never asked for [his] insurance card." According to Ms. Diehl, the carrier only paid for visits on July 29 and July 31.[1]

In mid-September, Mr. Amsler underwent treatment at the Intensive Care Unit at Vanderbilt University Medical Center. Providers there diagnosed and treated a pulmonary embolism and deep vein thrombosis in his left leg. Mr. Amsler believes this event was caused by the work accident.

Mr. Amsler asked that the Court order payment for all medical bills incurred for the injury, including treatment at Vanderbilt and Dr. Ko's office after the denial. He introduced numerous medical bills and a recap totaling the amounts owed. However, they were not admitted into evidence. In *Eaves v. Ametek,* 2018 TN Wrk. Comp. App. Bd. LEXIS 53, at *8 (Sept. 14, 2018), the Appeals Board held that medical bills were inadmissible, when not signed by a physician, accompanied by a proper certification, or attached to an affidavit from a medical provider attesting to their accuracy or completeness,

---

[1] Mr. Amsler did not see a provider on July 31. The Court presumes this refers to physical therapy on July 30.

2

and the employee offered no proof that the medical bills were reasonable, necessary, or causally-related to the work accident. Mr. Amsler's bill compilation did not satisfy these requirements.

Mr. Amsler contended: "The injury occurred as I was moving from one station to the other at work. And, in good faith, I did what the company told me to do, to go to the doctor that they directed me to. And everything beyond that was a result of being pointed in that direction." He continued, "They didn't follow the letter of the law or the spirit of the law. And ultimately, at the end of this, I have . . . medical bills I would've dealt with differently if I had seen my own doctor."

### Findings of Fact and Conclusions of Law

Mr. Amsler must show that he is likely to prevail at a hearing on the merits regarding United Ground Express's liability for medical benefits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2020); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at \*7-8, 9 (Mar. 27, 2015).

A bedrock of the Workers' Compensation Law is that the employer must furnish medical treatment for work-related injuries. Tenn. Code Ann. § 50-6-204(a)(1). United Ground Express argued that Mr. Amsler's injury was not work-related but rather was idiopathic.

"An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless 'some condition of the employment presents a peculiar or additional hazard.'" *Veler v. Wackenhut Servs.*, No. E2010-00965-WC-R3-WC, 2011 Tenn. LEXIS 78, at \*9 (Tenn. Workers' Comp. Panel Jan. 28, 2011). An injury that occurs due to an idiopathic condition is compensable "if an employment hazard causes or exacerbates the injury." *McCaffery v. Cardinal Logistics*, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at \*10 (Dec. 10, 2015). Further, the Tennessee Supreme Court, addressing what constitutes a hazard of employment in the context of injuries that occur while walking, has observed that "Tennessee courts have consistently held that an employee may not recover for an injury occurring while walking unless there is an employment hazard, such as a puddle of water or a step, in addition to the injured employee's ambulation." *Wilhelm v. Kroger,* 235 S.W.3d 122, 128-29 (Tenn. 2007).

Here, Mr. Amsler credibly testified that his left foot "popped while walking" toward an airline gate, causing immediate pain. On his petition, Mr. Amsler wrote that the injury was caused "possibly by stepping on something on [the] floor." He wrote on his affidavit, however, that "I did not look to see if I stepped on anything because I could barely walk."[2]

---

[2] Mr. Amsler attempted to introduce photos of the condition of the carpeting in the area where he became injured, but United Ground Express objected to their admissibility. The Court sustained the objection

He conceded that he did not slip, trip or fall.

Considering the testimony and pleadings, Mr. Amsler candidly admitted he is not certain that he stepped on anything that might have caused his foot pain. Therefore, Mr. Amsler has not identified an employment hazard beyond his simple act of walking. He is unlikely to prevail at a hearing on the merits that he suffered an injury arising primarily out of and in the course and scope of his employment. *See* Tenn. Code Ann. § 50-6-102(14). In other words, although he was "moving from station to station," that act, in and of itself, does not necessarily mean an injury incurred while doing so arose primarily out of employment.

Nonetheless, Mr. Amsler convincingly argued that United Ground Express did not offer a panel, and that he should not be responsible for treatment that he did not choose but underwent at his employer's direction.

Ms. Diehl testified she denied the claim on August 6 and sent the notice to Mr. Amsler by letter the same day; he testified he never received the notice. Both witnesses were credible; therefore, the Court cannot discern whose testimony to accept without additional corroborating evidence. Given that Mr. Amsler bears the burden of proof, and based on the evidence currently before it, the Court cannot find that United Ground Express should be responsible for the medical bills after the denial date.

As a final matter, Mr. Amsler testified that United Ground Express directed him to Dr. Ko. United Ground Express did not introduce a signed panel. Ms. Diehl's testimony that no panel was offered because his need for treatment was "emergent" is unpersuasive, since Mr. Amsler was required to work his entire shift before going to Dr. Ko's office. The Court finds United Ground Express did not offer a panel and had no reasonable justification for its failure to do so.

Tennessee Compilation Rules and Regulations 0800-02-01-.06(2) (May 2018) provides that where the employer "fails to provide an appropriate initial panel of physicians to the employee within three (3) business days from the date the employer has notice of a work-related injury and the employee expressed a need for medical care, . . . the employer may be assessed a civil penalty[.]" The Court refers the case to the Compliance Program for consideration of a penalty.

---

because he did not authenticate the photos during his testimony.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Amsler's requested relief is denied at this time.

2. This case is set for a scheduling hearing on **September 13, 2021, at 9:15 a.m. Central.** You must call 615-532-9552 or toll-free at 866-943-0025 to participate. Failure to call might result in a determination of the issues without your participation.

3. A copy of this order shall be sent to the Compliance Program for consideration of the imposition of penalty for United Ground Express's failure to offer a panel of physicians.

   **ENTERED June 16, 2021.**

_Kenneth M. Switzer_
**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

**APPENDIX**

Exhibits:
1. Affidavit of Charles Amsler
2. Employer/Carrier's Exhibits
   a. Concentra Medical Center Records
   b. Payment History
   c. Denial
   d. Electronic Data Interchange History
   e. Petition for Benefit Determination for DOI July 27, 2019
3. Medical records-Concentra-physical therapy
4. Employee's Exhibits
   a. July 31 letter from Carrier/TPA to Mr. Amsler (Identification only)
   b. Concentra documents, August 29, 2019 (Identification only)
   c. Concentra report, July 29, 2019
   d. Concentra Therapy Appointment Detail, August 20, 2019
   e. Outpatient Diagnostic Center, August 21, 2019
   f. Photos (Identification only)
   g. VUMC letter, Dr. Monahan
   h. Discharge summary
5. Bills and summary page (Identification only)

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice and Employee's Additional Issue
3. Request for Expedited Hearing
4. Pretrial Hearing Order, April 16, 2021
5. Employer's/Carrier's Brief
6. Pretrial Hearing Order, May 21, 2021

## CERTIFICATE OF SERVICE

I certify that a copy of the Expedited Hearing Order was sent as indicated on June 16, 2021.

| Name | Certified Mail | Regular Mail | Email | Service sent to: |
|---|---|---|---|---|
| Charles Amsler, Employee | X | | X | martinamsler@yahoo.com<br>1530 Oxford Court<br>Gallatin TN 37066 |
| Stephanie Rockwell, Employer's Attorney | | | X | stephanie@speed-seta.com |
| Compliance Program | | | X | WCCompliance.Program@tn.gov |

_____

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*